UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEANNE GRIFFIN-MOORE,

    Plaintiff,

v.                                                        Case No. 8:11-cv-2000-T-24 TBM

CITY OF BROOKSVILLE, FLORIDA,

    Defendant.

_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Strike or Declare Ineffective Defendant's Second Offer of Judgment. (Doc. No. 14). Defendant opposes the motion. (Doc. No. 15). As explained below, the motion is granted.

**I. Background**

In the instant lawsuit, Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay her overtime. (Doc. No. 1). On March 20, 2012, Defendant served Plaintiff with its Second Offer of Judgment, pursuant to Federal Rule of Civil Procedure 68,[1] in which Defendant offered to pay Plaintiff $20,000 to resolve all claims in this lawsuit, as well as all claims that "Plaintiff has, had or may claim to have." (Doc. No. 14, Ex. A). Plaintiff states that she currently has a lawsuit pending against Defendant in state court, in which she is asserting a claim of worker's compensation retaliation. (Doc. No. 14, p. 2). Thus, Defendant's Second Offer of Judgment offers to pay Plaintiff $20,000 to resolve her FLSA claim, her

---

[1] Rule 68(a) provides that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Rule 68(d) provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

worker's compensation retaliation claim, and any other claims that currently exist. Because Plaintiff did not accept Defendant's offer within fourteen days, the offer is deemed to be withdrawn pursuant to Rule 68.

## II. Motion to Strike or Declare Ineffective

In the instant motion, Plaintiff moves the Court to strike, or to declare ineffective, Defendant's Second Offer of Judgment. Specifically, Plaintiff contends that since the offer seeks to resolve both her FLSA claim (which is pending in this Court) and her worker's compensation retaliation claim (which is pending in state court), the offer violates Rule 68 because there is no meaningful way to compare the offered amount with a judgment she may obtain in this case. Stated differently, Plaintiff contends that her FLSA claim, alone, may not be worth $20,000, and if she receives a judgment on her FLSA claim for less than $20,000, she will penalized for not accepting Defendant's offer, despite the fact that the combined value of her FLSA claim and her worker's compensation retaliation claim may exceed $20,000. Thus, Plaintiff contends that Defendant is attempting to unfairly force her to accept its offer, because any recovery on her state court worker's compensation retaliation claim will not be considered when evaluating whether she obtained a judgment more favorable than the amount Defendant offered. The Court is persuaded by Plaintiff's argument.[2]

When an offer of judgment is made under Rule 68 that is not accepted by the offeree and a judgment in favor of the offeree is entered in the case, Rule 68 requires a comparison of two figures: (1) the amount set forth in the offer of judgment, and (2) the amount of the judgment

---

[2]While the Court notes that there is a split of authority regarding the propriety of a court reviewing an offer of judgment prior to a judgment being entered, this Court is persuaded that the specific facts in this case warrant review of Defendant's offer at this time.

entered in the case. In the instant case, the amount set forth in Defendant's offer of judgment is $20,000, which is the amount offered to resolve both Plaintiff's FLSA claim and her worker's compensation retaliation claim. However, Plaintiff did not accept Defendant's offer, and if she obtains a judgment on her FLSA claim, the amount of her FLSA judgment will be the sole amount compared to Defendant's $20,000 offer. Therefore, if Plaintiff obtains a judgment of less than $20,000 on her FLSA claim, she will be penalized for not accepting Defendant's offer of judgment regardless of any recovery she may obtain on her worker's compensation retaliation claim that is pending in state court. Such a result is patently unfair, and Defendant has not cited any authority showing that its use of Rule 68 in such a manner is allowable. Therefore, the Court concludes that Defendant's Second Offer of Judgment must be declared ineffective.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike or Declare Ineffective Defendant's Second Offer of Judgment (Doc. No. 14) is **GRANTED**, and the Court declares Defendant's Second Offer of Judgment to be ineffective.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of May, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record